**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**HEATHER M. SALAZAR,**

      **Plaintiff,**

      **v.**                                    **Civ. No. 24-1046 JCH/JMR**

**DAVID P. STEINER, Postmaster General of
the United States Postal Service, UNITED
STATES POSTAL SERVICE,**

      **Defendants.**

**<u>MEMORANDUM OPNION AND ORDER</u>**

Plaintiff is a former Postal Service employee who asserts that she suffered discrimination and retaliation due to her disability. The case is before the Court on Defendants' *Motion to Dismiss for Lack of Subject Matter Jurisdiction and For Failure to State a Claim* [Dkt. No. 27]. Plaintiff has filed her response [Dkt. No. 32] and Defendants their reply [Dkt. No. 34], and therefore the motion is fully briefed. After reviewing the briefs and the law, the Court concludes that the motion should be granted in part and denied in part as further explained herein.

**<u>FACTUAL AND PROCEDURAL BACKGROUND</u>**

Plaintiff alleges that she suffered discrimination and retaliation at work after she was injured in a car accident. In her Amended Complaint [Dkt. No. 21], she alleges that she was employed by the U.S. Postal Service in Santa Fe, New Mexico, as a supervisor and mail carrier. Plaintiff asserts that on August 11, 2022, she was in a car accident that "resulted in a serious

medical condition/disability as defined by the VRA/ADA[1], resulting in Plaintiff Salazar needing to take time off work via FMLA and needing accommodations." Dkt. No. 21 at ¶ 18. According to the Amended Complaint, "Plaintiff can show that she has had a qualifying disability based on medical records for nine months of treatment for neck and shoulder injuries and degenerative disc issues that prohibit her from being able to work and that restrict her capacity to do so," and that her disability "substantially limits her daily activities." Id. at ¶ 47-48. Plaintiff states that at a meeting with her supervisor on November 9, 2022, Defendants "wrongfully ended [Plaintiff's] higher detail assignment" and wrongfully denied her "the ability to work." Id. at ¶ 19-20. Plaintiff also alleges that her supervisor "failed to grant her an accommodation, lied about light and/or limited duty work being available to her and lied about having told her to fill out the correct form." Id. at ¶ 21. According to Plaintiff, light duty work did exist because she had been doing such work before November 9, 2022, but despite that her supervisor denied its availability. Id. at ¶ 22-23. Plaintiff also alleges that even though she could still carry mail, her supervisor forced her to give up her route. Id. at ¶ 24.  Plaintiff also asserts that despite statements to the contrary, her supervisor did not notify her until November 9, 2022, that she had to fill out a form to request light duty. Plaintiff alleges that in the foregoing actions, Defendant treated her differently than similarly situated employees whom they permitted to continue working with weight restrictions while on light duty. Id. at ¶ 25. Plaintiff asserts that she "was set up to be forced to take unpaid leave from

---

[1] Plaintiff refers to the "Vocational Rehabilitation Act," or VRA. However, that statute was replaced by the broader Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 791. *See* Laura Rothstein, *Forty Years of Disability Policy in Legal Education and the Legal Profession: What Has Changed and What Are the New Issues?*, 22 Am. U. J. Gender Soc. Pol'y & L. 519, 524 (2014). Therefore, the Court analyzes all disability claims under the Rehabilitation Act. In addition, references to the "ADA" are to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

work as discrimination due to her disability/serious medical condition and in retaliation for needing to take time off of work for same, and for protesting the treatment she was experiencing as a result." Id. at ¶ 27. Plaintiff avers that this caused her to lose income and forced her to "use time off which she should not have been forced to use." Id. at ¶ 28. According to the Amended Complaint, when Plaintiff complained about these actions, Defendant retaliated against her with harassment and a hostile work environment from multiple supervisors, demotion, and loss of supervisory responsibility. Id. at ¶ 29-30. This also included making false accusations against Plaintiff, such as claiming that Plaintiff had refused the work offered to her. Id. at ¶ 32-33.

Plaintiff asserts claims for discrimination and retaliation in violation of the Vocational Rehabilitation Act (Count I), failure to accommodate under both the common law and the Vocational Rehabilitation Act (Count II), interference with rights under the Family and Medical Leave Act ("FMLA") (Count III)[2], and retaliation in violation of the common law and the FMLA (Count IV).

## **DISCUSSION**

### I.      **Lack of Subject Matter Jurisdiction (Rule 12(b)(1))**

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued ..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The United States' sovereign immunity defense "is jurisdictional in nature." *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir.

---

[2] Unlike Defendant, the Court construes Count III to assert a statutory claim for interference with FMLA rights and does not interpret it to also assert a common law claim. If Plaintiff intended to assert a common law claim in Count III, she did not state as much in her response brief.

2002). By depriving courts of subject matter jurisdiction over claims against the United States, its agencies, and officers acting in their official capacity, "[s]overeign immunity generally shields [these entities] from suit." *Id.*; *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.").

Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's claims in Counts II and IV to the extent they purport to state common law, rather than statutory, claims for failure to accommodate and retaliation.[3] Doc. 27 at 5-6. As grounds for this argument, Defendant points out that the United States has not waived sovereign immunity for common law retaliation or common law "failure to accommodate" claims. Doc. 27 at 5. For her part, Plaintiff asserts that Defendant's characterization of her claims as brought under the common law is "erroneous." Doc. 32 at 5. She makes no attempt to argue that the United States has waived its sovereign immunity for common law failure to accommodate (Count II) or retaliation (Count IV) claims.

For clarity in the record, the Court will grant Defendant's motion to dismiss Counts II and IV lack of subject matter jurisdiction insofar as they purport to assert common law claims.

## II.     Failure to State a Claim (Rule 12(b)(6))

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has

---

[3] Defendant initially argued that the Court also lacks subject matter jurisdiction over Count III because federal employees have no private right of action under the FMLA. *See* Doc. 27 at 6-7. However, in its reply brief Defendant withdrew that argument. Doc. 34 at 3-4.

facial plausibility" if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). A plaintiff must allege sufficient facts to "nudge[ ] [his] claims ... across the line from conceivable to plausible." *Id*. at 680 (second alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

Because this is a motion brought under Rule 12(b)(6), the Court must limit its review to factual allegations within the four corners of Plaintiff's Amended Complaint [Doc. 21]. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."); *see also Lamb v. Rizzo*, 391 F.3d 1133, 1136 (10th Cir. 2004) (finding that, by improperly considering "material derived from documents outside the four corners" of the complaint, the trial court had converted the motion to dismiss into a motion for summary judgment). Plaintiff has added numerous factual allegations in her response brief [Doc. 32] and its errata [Doc. 33] that are not included in the Amended Complaint. *See, e.g*., Doc. 32 at 2-3, 7. The Court does not consider those allegations in its analysis.

Finally, Defendant urges the Court to analyze Plaintiff's claims under the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). Doc. 27 at 8. However, that standard, which was designed to evaluate evidence on a motion for summary judgment, is inapplicable at the pleading stage. *See Leibowitz v. Cornell University*, 445 F.3d 586, 591 (2d Cir. 2006) (holding that the district court erred in requiring the plaintiff to establish a prima facie case of employment discrimination under the *McDonnell Douglas* burden shifting framework in order to survive a 12(b)(6) motion to dismiss, because "the prima facie case under *McDonnell*

*Douglas* ... is an evidentiary standard, not a pleading requirement") (quoting *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002)). *See also Marcus v. Leviton*, 661 Fed. Appx. 29, 32 n.2 (2d Cir. Sept. 2, 2016) ("The district court applied the *McDonnell Douglas* burden-shifting framework to the motion to dismiss. This was error, for *McDonnell Douglas* is an evidentiary standard, not a pleading standard, and is therefore not the relevant standard at the 12(b)(6) stage.") (internal citation omitted); *Keys v. Humana, Inc.*, 684 F.3d 605 (6th Cir. 2012) (finding district court erred by applying the burden-shifting analysis to a motion to dismiss).

### A.    Claim for Disability Discrimination (Count I)

The Rehabilitation Act prohibits discrimination by federal agencies, including USPS, against employees based on a qualified disability. 29 U.S.C. § 791. "We apply the standards from the Americans with Disabilities Act in analyzing a Rehabilitation Act claim." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010). A prima facie case of discrimination under the Rehabilitation Act includes three elements, "(1) [the employee] is a handicapped person within the meaning of the Act; (2) she is otherwise qualified for the job; and (3) she was discriminated against because of the handicap." *Woodman v. Runyon*, 132 F.3d 1330, 1338 (10th Cir. 1997). Similarly, to establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate "'(1) that she is disabled within the meaning of the ADA; (2) that she is qualified—with or without reasonable accommodation; and (3) that she was discriminated against because of her disability.'" *McKenzie v. Dovala*, 242 F.3d 967, 969 (10th Cir. 2001) (quoting *Aldrich v. Boeing Co.*, 146 F.3d 1265, 1269 (10th Cir. 1998)). The ADA defines the term "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

To demonstrate such discrimination an employee is "required to show that he suffered an adverse employment action because of his disability." *Brown v. Austin*, 13 F.4th 1079, 1092 (10th Cir. 2021). "An adverse employment action is one that causes a significant change in employment status or benefits." *Id*. These changes typically include actions such as "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *E.E.O.C. v. C.R. England, Inc*., 644 F.3d 1028, 1040 (10th Cir. 2011).

Plaintiff's Amended Complaint is not a model of artful pleading. In support of its motion, Defendant argues that Plaintiff makes only conclusory statements, rather than plausible factual allegations. The Court agrees with Defendant in large part. Plaintiff has alleged facts in support of the third element of her claim to pleading that she suffered an adverse employment action because of her physical condition—that is, she alleged that Defendant ended her "higher level detail assignment," and forced her to give up her route. Doc. 21 at ¶ 19, 24. Plaintiff also alleges that Defendant forced her to take unpaid leave. Id. at ¶ 27. These could reasonably be construed as facts supporting the inference that Plaintiff suffered an adverse employment action due to her physical condition.

However, Plaintiff has not alleged any facts to show that she is "disabled" within the meaning of the ADA. Plaintiff alleges only that she was in a car accident and that she had "nine months of treatment for neck and shoulder injuries and degenerative disc issues that prohibit her from being able to work and that restrict her capacity to do so." Id. at ¶ 18, 47. Plaintiff alleges no facts that show how her injuries may have manifested in the inability to perform one or more major life activity. Instead, Plaintiff merely alleges in conclusory fashion that she has a disability that substantially limits one or more major life activity. *See, e.g*., id. at ¶ 39. That is insufficient to

support a conclusion that Plaintiff has a qualifying disability. Similarly, Plaintiff has failed to allege facts to show that she is qualified to perform her job, either with or without reasonable accommodation. Again, she alleges that bare conclusion, and she asserts generally that she requested a reasonable accommodation, id. at ¶ 40-42, but she does not address her ability to perform her job and or describe what accommodation, if any, she would need to do so.

In short, Plaintiff's complaint contains insufficient facts to support a claim for disability discrimination, and that claim will be dismissed without prejudice.

### B.    Claim for Retaliation (Counts I and IV)

The standards used to prove a prima face claim of retaliation are similar for both the FMLA and Rehabilitation Act. *See Brown v. Austin*, 13 F.4th 1079, 1090 (10th Cir. 2021); *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006). To demonstrate retaliation under both Acts an employee must show "(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Brown*, 13 F.4th at 1090. Similar to a disability discrimination claim, a qualifying adverse action under the Rehabilitation Act "is generally one that causes a significant change in employment status or benefits." *Id*.

As discussed in the previous section, Plaintiff fails to plead sufficient factual allegations regarding the ADA/Rehabilitation Act. Here, Plaintiff alleges that she engaged in protected activity under the ADA by "requested accommodations as an individual with a serious medical condition/disability." Doc. 21 at ¶ 56, 71. However, Plaintiff alleges neither the nature of her disability nor the nature of the accommodations she requested. Having failed to allege protected

activity as required in the first element, Plaintiff cannot state a claim for retaliation under the ADA, and the motion to dismiss that claim will be granted.

On the other hand, Plaintiff does allege that she engaged in protected activity under the FMLA by "filing for and using FMLA leave," Doc. 21 at ¶ 71, satisfying the first element. Regarding the second element, Defendant's challenged action being materially adverse, Plaintiff has alleged that in retaliation for complaining, "she suffered harassment and a hostile work environment from multiple supervisors." Id. at ¶ 29. These are legal terms and conclusory allegations that Plaintiff has failed to support with facts explaining who harassed her, in what manner they did so, and what actions Defendant took to make her work environment hostile. However, Plaintiff does allege one specific retaliatory action: a demotion from supervisor to a non-supervisory position. Id. at ¶ 30. A reasonable employee would find such a demotion to be materially adverse. She also alleges that Defendant retaliated against her by falsely accusing her of refusing the work that had been offered to her. Id. at ¶ 32-33. Therefore, she has plead sufficient facts to satisfy the second element. Finally, though the factual allegations are thin, when reading the Amended Complaint as a whole one can reasonably infer that there was a causal connection between the materially adverse employment actions and Plaintiff exercising her rights under the FMLA. Therefore, the motion to dismiss the FMLA retaliation claim will be denied.

### C.    Claim for Failure to Accommodate Under the Rehabilitation Act (Count II)

"To state a claim for failure to accommodate under the Rehabilitation Act, [the employee] must show that he '(1) is disabled; (2) is otherwise qualified; and (3) requested a plausibly reasonable accommodation.'" *Brown*, 13 F.4th at 1084-85 (quotation omitted). As previously discussed, Plaintiff has alleged that she is disabled in conclusory fashion, but she has failed to allege specific facts to support that conclusion. Asserting that she underwent "nine months of

treatment for neck and shoulder injuries and degenerative disc issues" simply is inadequate to show that she is disabled within the meaning of the statute. Similarly, Plaintiff has alleged no facts to show that she is otherwise qualified to perform her job. Finally, although Plaintiff alleges in conclusory fashion that she requested an accommodation from Defendant, she does not allege exactly what accommodation she requested or how it would enable her to perform her job. Accordingly, this claim will be dismissed without prejudice under Rule 12(b)(6).

### D.    Claim for Interference With FMLA Rights (Count III)

The Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, prohibits interference with the employee's rights set forth therein. The statute "guarantees the substantive rights of up to twelve weeks of unpaid leave for eligible employees of covered employers for serious health conditions and reinstatement to the former position or an equivalent one upon return from that leave." *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir. 2006); *see also* 29 U.S.C. § 2612. The Act forbids an employer to "interfere with, restrain, or deny the exercise of or attempt to exercise" this protected leave. 29 U.S.C. § 2615(a)(1). To demonstrate a prima facie claim of FMLA interference, "a plaintiff must establish (1) that he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights." *Jones v. Denver Pub. Sch.*, 427 F.3d 1315, 1319 (10th Cir. 2005).

In arguing that Plaintiff's Amended Complaint fails to state a claim, Defendant cites *Campbell v. Gambro Healthcare, Inc.*, 478 F.3d 1282, 1287 (10th Cir. 2007), in which the Court stated that"[i]In order to satisfy the second element of an interference claim, the employee must show that she was prevented from taking the full 12 weeks of leave guaranteed by the FMLA, denied reinstatement following leave, or denied initial permission to take leave." *Id*. As Defendant

correctly notes, Plaintiff has not alleged that Defendant prevented her from taking the full 12 weeks of FMLA leave, denied her reinstatement, or initially denied her permission to take leave. Accordingly, she has failed to state a plausible claim for interference with FMLA rights, and this claim will be dismissed without prejudice.

### E.      Request for Leave to Amend

In her response brief, Plaintiff requests the opportunity to file a Second Amended Complaint, correctly noting that further amendment would require leave of Court. Doc. 32 at 2. However, such requests for leave to amend should be made by separate motion rather than as part of an argument in a response brief. Furthermore, under the District of New Mexico's the Local Rule 15.1, "a proposed amendment to a pleading must accompany the motion to amend." The purpose of this is to allow the Court to determine if the amendment would be futile. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Accordingly, if Plaintiff wishes to file a motion for leave to file a second amended complaint, she must do so no later than **April 20, 2026**, and she must attach a copy of her proposed second amended complaint.

### CONCLUSION

To the extent that Plaintiff's First Amended Complaint [Doc. 21] purports to state any common law claims against Defendant for which it has not waived sovereign immunity, those claims are dismissed with prejudice for lack of subject matter jurisdiction.

Plaintiff's claims that Defendant discriminated against her for her disability in violation of the ADA and the Rehabilitation Act is dismissed without prejudice. Plaintiff's claim that Defendant retaliated against her for exercising her rights under the ADA is dismissed without prejudice. Plaintiff's claim for failure to accommodate under the Rehabilitation Act is dismissed

without prejudice. Finally, Plaintiff's claim for interference with FMLA rights is dismissed with prejudice.

Plaintiff's FMLA retaliation claim remains pending.

**IT IS THEREFORE ORDERED** that Defendants' *Motion to Dismiss for Lack of Subject Matter Jurisdiction and For Failure to State a Claim* [Dkt. No. 27] is **GRANTED IN PART** and **DENIED IN PART** as described herein. If Plaintiff wishes to file a motion for leave to amend, she must do so no later than **April 20, 2026**, and she must adhere to Local Rule 15.1.

_____
SENIOR UNITED STATES DISTRICT JUDGE